IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 43 MR WCM

| | |
|---|---|
| LEN CORBETT BENNETT,<br><br>    Plaintiff,<br><br>v.<br><br>THOMAS MATTHEW GOSS and<br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY (*unnamed defendant*),<br><br>    Defendants. | ORDER |

This matter is before the Court on Plaintiff's Motion to Stay Action Pending Arbitration (the "Motion to Stay," Doc. 10).

On February 10, 2020, Plaintiff filed this action against defendant Thomas Matthew Goss ("Goss") for damages arising out of a November 8, 2019 automobile accident. Doc. 1.

On April 17, 2020, unnamed defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed an answer. Doc. 6.[1]

In the Motion to Stay, Plaintiff explains that Goss's liability insurer, Tennessee Farm Bureau, has agreed to tender the limits of Goss's automobile

---

[1] Plaintiff filed an Affidavit of Service indicating that defendant Goss was served on April 18, 2020. Doc. 9. Goss has not filed an answer.

policy. Plaintiff has agreed not to enforce a judgment in excess of Goss's liability policy against Goss personally, and wishes to proceed to binding arbitration with State Farm, which insured Plaintiff at the time of the accident under a policy that included underinsured motorist coverage. That is, Plaintiff asks this Court to stay this action, including discovery, until the arbitration with State Farm is completed.[2] Plaintiff represents that defense counsel consents to a stay of this action pending arbitration. Doc. 10 at ¶ 5; see also Doc. 11, p. 1. ("Counsel for State Farm…has no procedural or substantive objection to this Court entering an Order staying this civil action pending the outcome of the binding arbitration between the parties.").

The parties appear to agree that Plaintiff's claims against State Farm are subject to a valid arbitration provision appearing in the policy between State Farm and Plaintiff.

Accordingly, the undersigned will grant the Motion to Stay. See Jiuna Wang v. NYZ Management Services, LLC, No. 3:19-cv-642-FDW-DSC, 2020 WL 2926477, at * 5 (W.D.N.C. June 3, 2020) ("While the district court has discretion to dismiss an action where all issues raised therein are arbitrable, the more common practice is to stay the action pending outcome of the arbitration.") (internal citation omitted, collecting cases).

---

[2] A Pretrial Order and Case Management Plan has not been entered in this matter, and therefore court-enforceable discovery has not begun.

**IT IS THEREFORE ORDERED:**

1. That the Motion to Stay Action Pending Arbitration (Doc. 10) is **GRANTED**, and that this case is **STAYED** pending completion of arbitration between Plaintiff and State Farm Mutual Automobile Insurance Company; and

2. That Plaintiff and State Farm shall file a Joint Status Report every ninety (90) days advising of the status of arbitration.

Signed: July 8, 2020

W. Carleton Metcalf
United States Magistrate Judge